**POTTER INSTRUMENT COMPANY, INC., Plaintiff, Appellant,**

**v.**

**ODEC COMPUTER SYSTEMS, INC., Defendant, Appellee.**

No. 74–1081.

United States Court of Appeals, First Circuit.

Argued June 3, 1974.

Decided June 27, 1974.

Richard L. Aitken, Washington, D. C., with whom Anthony M. Lorusso, Washington, D. C., Kenway, Jenney & Hildreth, Boston, Mass., Gilbert H. Hennessey, and Lane, Aitken, Dunner & Ziems, Washington, D. C., were on brief, for plaintiff, appellant.

Albert E. Fey, New York City, with whom Thomas H. Quinn, Swan, Keeney, Jenckes & Asquith, Providence, R. I., William J. Gilbreth, and Fish & Neave, New York City, were on brief, for defendant, appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

This appeal stems from a patent infringement action initiated by the appellant in the district court, resulting in a judgment dismissing the complaint on grounds that the claims in issue in two patents were invalid for obviousness, under the standard of 35 U.S.C. § 103. 370 F.Supp. 198 (D.R.I.1974). Appellant contends that, as to one of these patents,[1] the district court failed to consider relevant evidence which would have shown that the patent was not "obvious" at the time of application.

The patent claim in question (Potter patent) concerns a chain type belt for high speed printing, used to print output information from computers and similar data processing equipment. The belt, with "teeth" spaced on its inner surface, retains printing slugs (with type faces), which are clipped onto the belt and engaged with the "teeth" so that they are kept in proper relation to each other. The belt's "teeth" also mesh with gears that drive the belt. As the belt rotates, its printing slugs (and their type faces) are carried past a row of hammers, each of which is fired when the appropriate type face comes opposite it, thereby enabling an entire line to be printed with each rotation of the belt.

It is not disputed that before the Potter patent was issued, the general idea for a chain type belt for high speed printing of one line per belt rotation had already been developed. Problems occurred, however, because the impact of the hammers against the slugs, which were clamped and screwed into place on the belt, caused stresses and strains which had tended to throw the slugs out of position or cause them to break. The Potter patent helped solve these problems in two ways: first, its one-piece printing slugs, which clipped onto the belt, could withstand hammer pressure better than clamped and screwed slugs; second, its "teeth", on the belt's inner surface, could hold the slugs in position better than the alternative of holding each slug in position by its abutting slugs.

The district court found, however, that the Potter patent's one-piece slug, clipped onto the timing belt, was an "obvious" expedient at the time the patent was issued. It noted, most particularly, that the identical expedient had previously been suggested (although not considered by the Patent Office as part of the prior art) for moving paper in a printer, by way of attachments mounted on a timing belt for carrying paper feed pins.[2] Further, it found persuasive certain testimony that it would have been obvious, at the time, to mount printing slugs on a timing belt.

As to the teeth on the belt's inner surface, used to hold the slugs in position, the district court determined that this, too, was an obvious mechanism at the time the patent was issued. Appellant

1. Patent No. 3,402,657 (the "Potter patent") applied for November 25, 1965, issued September 24, 1968. This is the only patent in issue on this appeal.

2. Appellant argues that the technical bulletin in which this invention had appeared was so "obscure" and of such limited circulation that the invention could not, in fairness, be considered part of the prior art. But it is well established that limited circulation alone, does not disqualify a publication from contributing to the prior art. *See, e. g.,* Philips Electronic & Pharm. Indus. Corp. v. Thermal & Electronics Indus., Inc., 450 F.2d 1164, 1169 (3d Cir. 1971).

had admitted as much in its patent application, when it stated that a prior patent, incorporating teeth-like indentations on a belt, had cured the problem of retaining the proper spacing of printing slugs.[3] The court also pointed out that two other patents in the prior art used flexible belts with uniformly spaced teeth on the inner surface.

Appellant maintains that the district court used an incorrect legal standard to determine "obviousness", since it ignored "[s]uch secondary considerations as commercial success, long felt but unsolved needs, [and] failure of others . . . .", Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 694, 15 L. Ed.2d 545 (1966). Appellant points out that the Potter patent solved the problem which had occurred in other chain printers due to the impact of the hammers against the print slugs and that, although the need for a solution had existed for several years, none of the prior art—including the mechanism for moving paper in a printer—had suggested the Potter solution even to the company (IBM) which had disclosed the device in its bulletin. While each of the different patents in the prior art may have incorporated one element of the Potter patent —either the clip-on slugs or the toothed belt—appellant argues that the mere fact that no one thought of putting the elements together indicates that the Potter solution was not "obvious" at the time. Appellant charges that the court was using subjective hindsight, and judging the patent "element by element", instead of regarding "hard proof of recognized need for the answer". Allen v. Standard Crankshaft and Hydraulic Co., 323 F.2d 29, 34 (4th Cir. 1963).

■ We recognize that the standard embodied in 35 U.S.C. § 103 is often a difficult one to apply, calling for a determination of the scope and content of prior art, the differences between the prior art and claims at issue, and the level of ordinary skill in the pertinent art. In its pursuit of the facts, a district court may consider secondary evidence, such as failure of others to come up with a solution, over a long period of time, although the solution was needed. But the district court is not required, in every case, to weigh the secondary evidence as heavily as, or more heavily than, other evidence, such as contemporaneous opinions of specialists in the field, or concessions made by parties in their patent applications. "[S]econdary considerations . . . might be utilized . . . ." Graham v. John Deere Co., *supra*, 383 U.S. at 17, 86 S.Ct. 684. Here, the court considered the testimony of Dr. Ream, appellant's expert, who admitted that the mechanism for moving paper in a printer used a method of attachment identically the same as the manner in which the printing slugs of the Potter patent were attached to the timing belt. The court also considered appellant's concession to the Patent Office that the prior art had solved the problem of retaining the proper spacing of print slugs.

■■ The determination of whether "obviousness" is so close a question that secondary evidence should be considered or weighed more heavily is an evidentiary question, primarily entrusted to the district court. Nashua Corp. v. RCA Corp., 431 F.2d 220, 222 (1st Cir. 1970). On the record before us, we find nothing which would indicate that the district court did not have ample evidence on which it could have found a degree of "obviousness" which would make recourse to secondary evidence unnecessary.

■■ Finally, we note that, while a court should scrutinize a patent as a whole, rather than element by element,

---

3. Appellant argues that, insofar as its admission conceded that the prior patent had cured the problem of initial spacing, it was an obvious error. This may be a point well taken, but the court could justifiably believe and rely upon a witness who, in responding to a question addressed to the "practical difference" in operation achieved by the prior patent over earlier art stated that it was "to guard against lateral displacement and twisting", i. e., to retain proper spacing.

Maloney-Crawford Tank Corp. v. Sauder Tank Co., 465 F.2d 1356, 1366 (10th Cir. 1972), it is also true that each element must, to some extent, be considered separately, in order to ascertain whether the patent "only unites old elements with no change in their respective functions". Great Atlantic and Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 152, 71 S.Ct. 127, 130, 95 L.Ed. 162 (1950), rehearing denied, 340 U.S. 918, 71 S.Ct. 349, 95 L.Ed. 663 (1951). In this respect, we find that the district court correctly scrutinized the elements that made up the patent and was not clearly erroneous in its conclusion of obviousness.

Affirmed.